UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HAMPTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WANDA PERRY, )<br>)<br>Defendant. ) | Case No. 1:20-cv-00759-TWP-MPB |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Wanda Perry's ("Detective Perry") Motion to Dismiss, (Filing No. 8), for failure to state a claim upon which relief can be granted. Plaintiff Robert Hampton ("Mr. Hampton") initiated this action alleging that he was falsely arrested in violation of his rights under the Fourth Amendment (Filing No. 1-2). For the reasons stated below, Detective Perry's Motion to Dismiss is **granted**.

### I. BACKGROUND

The following facts are not necessarily objective true, but as required with a motion to dismiss, the court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of the non-movant. *See Lake v. Neal,* 585 F.3d 1059, 1060 (7th Cir. 2009).

Mr. Hampton resided in the state of Michigan. (Filing No. 1-1.) On May 12, 2016, Santa Diaz-Romero ("Diaz-Romero") was robbed by two African-American men robbed in the parking of an AutoZone store in Indianapolis, Indiana. (Filing No. 1 at 1.) After the robbery, Diaz-Romero was presented with a photo array in which she identified Mr. Hampton as a perpetrator or the robbery. *Id.* at 2. The photograph of Mr. Hampton used in the array was taken from his driver's

license issued nine years earlier, when he was sixteen years old, with a head of hair. *Id.* At the time of the robbery, Mr. Hampton was twenty-five years old and bald. *Id.*

Based on Diaz-Romero's positive identification of Mr. Hampton as one of the perpetrators, Detective Perry obtained a warrant for his arrest. *Id*. The warrant was issued by a magistrate judge in the Marion Superior Court on July 14, 2016. *Id.* at 1. Nearly two years later, on February 19, 2018, Mr. Hampton was arrested in the state of Michigan based on the outstanding warrant Detective Perry had obtained in Indiana. *Id.* Mr. Hampton was then transported to Indianapolis and incarcerated in the Marion County Jail. *Id.* at 2. The prosecutor voluntarily dismissed the charges against him seven months later, on September 14, 2018. *Id.*

Mr. Hampton filed this action in the Marion Circuit Court on February 6, 2020, and it was removed to this Court on March 10, 2020. He asserts claims against Detective Perry of false arrest and malicious prosecution in violation of the Fourth Amendment to the United States Constitution. *Id.* at 3. Detective Perry filed the instant motion on April 7, 2020 seeking to dismiss Mr. Hampton's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 8).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of any portion of a complaint for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). When considering a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake,* 585 F.3d at 1060. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) will be invoked

to dismiss a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

"In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal citations and quotations omitted). The complaint must include enough facts to state a claim to relief that is plausible on its face. *Data Research & Handling Inc. v. Vongphachanh*, 279 F. Supp. 3d 1066, 1070 (N.D. Ind. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint and not the merits of the suit. *Id*. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555.

A plaintiff can plead himself out of court by pleading facts that show that he has no legal claim. *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). Dismissal is appropriate when a party has included in its complaint facts that establish an impenetrable defense to its claims. *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009).

### III.    DISCUSSION

Detective Perry argues Mr. Hampton's claims fail because probable cause existed for his arrest and a malicious prosecution claim cannot be based on the false arrest claim. (Filing No. 9 at 1.) Additionally, Detective Perry argues she is entitled to qualified immunity irrespective of the merits. *Id*. The Court will address each claim separately below.

### A. **False Arrest Claim**

Mr. Hampton asserts lack of probable cause to arrest him because Detective Perry used a photograph of him from nine years prior in the photo array in which the victim identified him. Detective Perry argues Mr. Hampton's false arrest claim fails because "there was probable cause for his arrest," and Mr. Hampton "alleges no facts to reasonably infer that Perry withheld any information or did anything else that ran afoul of the Fourth Amendment." ([Filing No. 9 at 3](#).)

The Fourth Amendment protects the right of individuals to be free from "unreasonable searches and seizures." U.S. Const. Amend. IV. An officer violates the Fourth Amendment if he or she intentionally or recklessly includes false statements in a warrant application and those statements were material to a finding of probable cause. *Hart v. Mannina*, 798 F.3d 578, 591 (7th Cir. 2015), *reh'g denied*. An officer similarly violates the Fourth Amendment if he or she intentionally or recklessly withholds material information from a probable cause affidavit. *Whitlock v. Brown*, 596 F.3d 406, 410-11 (7th Cir. 2010).

To prevail on his claim for false arrest, Mr. Hampton must show there was no probable cause for it. *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013). Probable cause "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *United States v. Moore*, 215 F.3d 681, 685 (7th Cir. 2000). Probable cause "demands even less than 'probability.'" *Id.* at 686. It is a "fluid concept that relies on the common-sense judgment of the officers based on the totality of the circumstances." *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006). "Probable cause does not depend on the witness turning out to be right; it's what the police know, not whether they know the truth, that matters." *Kelley v. Myler*, 149 F.3d 641, 646-47 (7th Cir. 1998).

"Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest." *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992). An exception exists if a reasonably well-trained officer in Detective Perry's position "should have known the testimony or affidavits [she] provided in support of the warrant[] would have failed to establish probable cause, so that [she] should not have applied for the warrant[] in the first place." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742 (7th Cir. 2003) (citing *Malley v. Briggs*, 475 U.S. 335, 345 (1986)). To establish this, Mr. Hampton has to allege Detective Perry "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer's determination that probable cause existed for the arrest." *Id.* (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1987)). A "reckless disregard for the truth can be shown by demonstrating that the officer entertained serious doubts as to the truth of the statements, had obvious reasons to doubt their accuracy, or failed to disclose facts that he or she knew would negate probable cause." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) (internal quotations omitted). The Seventh Circuit has held that the complaint of a single, credible witness or victim is generally sufficient to provide probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a duty to investigate further. *Beauchamp*, 320 F.3d at 743; *Tangwall v. Stuckey*, 135 F.3d 510, 520 (7th Cir. 1998); *Hebron v. Touhy*, 18 F.3d 421, 422 (7th Cir. 1994), *reh'g denied*; *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 200); *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015).

Mr. Hampton was arrested in February 2018 on the warrant that was issued in July 2016. ([Filing No. 1-2 at 1](#).) Detective Perry argues that, in this case, the victim of a crime, Santa Diaz-Romero, identified one of the perpetrators of that crime as Mr. Hampton based on a photo line-up,

and Detective Perry applied for a warrant on that basis. (Filing No. 9 at 5.) Detective Perry argues that "Mr. Hampton alleges no facts to infer that Detective Perry *knew* that he looked any different at the time the robbery occurred, but used the old photo anyways." *Id.* (emphasis in original). Additionally, Mr. Hampton "does not allege that Perry had any reason to question Diaz-Romero's credibility, or that Perry knew or should have known that she was mistaken or lying," according to Detective Perry. *Id.* at 6. Thus, Detective Perry maintains that completely absent from Mr. Hampton's Complaint is any contention that she "knowingly, intentionally, or with reckless disregard for the truth, ma[de] false statements in requesting the warrant… Nor could those inferences be reasonably drawn from Mr. Hampton's allegations." *Id.* (citing *Iqbal*, 556 U.S. at 578).

At most, Detective Perry asserts, the use of an old photograph for a photo array amounts to negligence, but states this was not a constitutional violation. *Id.* "The U.S. Constitution does not mandate that photo arrays and lineups meet a certain standard of quality." *Coleman v. City of Peoria, Ill.*, 925 F.3d 336, 347 (7th Cir. 2019) (citing *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006)). Moreover, Detective Perry argues the fact that the criminal charges against Mr. Hampton were dropped, or that he did not actually rob Diaz-Romero, does not vitiate probable cause when the warrant's application was submitted because probable cause does not depend on the witness turning out to be right, but rather what the police know at the time. (Filing No. 9 at 6.)

Mr. Hampton argues the use of a photograph from nine years prior is a constitutional violation and therefore his Complaint states a plausible claim for relief. He asserts that discovery will demonstrate Detective Perry was aware the photograph was taken from Mr. Hampton's first driver's license and was nine years old. (Filing No. 10 at 4.) Mr. Hampton acknowledges that he

6

"has no reason to believe that Detective Perry had seen Mr. Hampton around the time of his arrest and knew that he had gone bald since his driver's license photo was taken," but argues "common sense and every day experience should have told her that young men undergo enormous changes between the ages of 16 and 25 and that he would likely have looked quite different at the time of the robbery than he did in the photo she used in her array." *Id.* Mr. Hampton asserts the age of the photograph is "clearly something that a judge would want to know" when issuing a probable cause affidavit. *Id.* at 5. Thus, Mr. Hampton concludes "[w]ithout an accurate representation of Hampton's likeness there was not valid identification of him and no probable cause for his arrest." *Id.*

The facts alleged in the Complaint do not support Mr. Hampton's argument nor do they establish that Detective Perry violated the Fourth Amendment. "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Woods*, 234 F.3d at 996. Detective Perry had secured an arrest warrant for Mr. Hampton based on a probable cause affidavit obtained in 2016. That probable cause affidavit was supported by the identification of Mr. Hampton by the victim of a crime, Diaz-Romero, from a photo array. "A single, credible eyewitness identification can create probable cause." *McDaniel v. Polley*, 847 F.3d 887, 895 (7th Cir. 2017) (citing *Hart*, 798 F.3d at 587). Although the photograph used in the photo array was taken from Mr. Hampton's driver's license when he was sixteen years old, a photograph taken nine years prior, "the U.S. Constitution does not mandate that photo arrays and lineups meet a certain standard of quality." *Coleman*, 925 F.3d at 347. The Complaint does not allege that at the time Detective Perry arrested Mr. Hampton, she had reason to believe the information from Diaz-

7

Romero was untrustworthy or incorrect. Because of this, the Court **grants** Detective Perry's motion to dismiss Mr. Hampton's claim for false arrest.

**B.** **Malicious Prosecution Claim**

The essence of malicious prosecution rests on the notion that the plaintiff has been improperly subjected to legal process. *City of New Haven v. Reichart*, 748 N.E.2d 378, 378 (Ind. 2001). To state a viable malicious prosecution claim, a plaintiff must "alleg[e] a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014), *reh'g denied* (citing *Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013)). Because the federal malicious prosecution claim fills a void in state law, it borrows the elements of the state law claim. *Katz-Krank v. Hasket*, 843 F.3d 641, 649 (7th Cir. 2016). Under Indiana law, the elements of a malicious prosecution claim are that the defendant (1) instituted or caused to be instituted an action against the plaintiff, (2) with malice and (3) without probable cause, and (4) the action terminated in plaintiff's favor. *Id.* (quoting *City of New Haven*, 748 N.E.2d at 378). "Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). It is not in dispute that Mr. Hampton was arrested and that the prosecution terminated in his favor when the prosecutor voluntarily dismissed the case.

Detective Perry argues Mr. Hampton's Complaint, outside of his false-arrest claim, alleges no predicate constitutional violation. (Filing No. 9 at 7.) Detective Perry maintains Mr. Hampton asserts a false arrest claim and malicious prosecution claim in violation of the Fourth Amendment but, under *Serino* and *Welton*, "Mr. Hampton must possess some other substantive constitutional

8

claim, independent false arrest, for malicious prosecution to be viable. He has none." *Id.* at 8. Therefore, Detective Perry contends his malicious prosecution claim fails. Relying on *Manuel v. City of Joliet*, Mr. Hampton argues "if the legal proceeding establishing probable cause is tainted and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights." 137 S. Ct. 911, 919 (2017) (Filing No. 10 at 5). Mr. Hampton, again, asserts probable cause for his arrest does not exist based on the identification coming from a photograph nine years old. Additionally, he states malice may reasonably be inferred from this absence of probable cause. *Id.* at 6. Because there was no other evidence linking Mr. Hampton to the crime, he alleges he satisfies the elements for a malicious prosecution claim. *Id.*

The Court is unpersuaded by Mr. Hampton's arguments. As discussed previously, as pled in the Complaint, Detective Perry had probable cause to arrest Mr. Hampton in Michigan. In *Serino*, the officer arrested the plaintiff for trespass at a job he was recently terminated. 735 F.3d at 590. The plaintiff was charged with trespass and resisting law enforcement but those charges were later dismissed. *Id.* Serino sued Hensley for false arrest and malicious prosecution. *Id.* The Seventh Circuit upheld the dismissal of the plaintiff's complaint, reasoning that since the plaintiff's only other constitutional claim was that of false arrest, and he could not seriously allege any due-process violation, his malicious prosecution claim failed. *Id.* at 593-96. The same situation happened in *Welton*, where the Seventh Circuit also affirmed the dismissal of the plaintiff's complaint. 730 F.3d at 676. The plaintiff sued an officer for false arrest and malicious prosecution, but the Seventh Circuit said the plaintiff's claims failed because he did not state a sufficient underlying constitutional violation, independent of his false arrest claim, in support of his malicious prosecution claim. *Id.* at 673-75. Because Mr. Hampton has not alleged a sufficient

underlying constitutional violation besides his false arrest claim, and the existence of probable cause is an absolute defense to a claim of malicious prosecution, the Court **grants** Detective Perry's motion to dismiss Mr. Hampton's malicious prosecution claim.

### C. Qualified Immunity

As a final note, "to overcome a defendant's invocation of qualified immunity, a plaintiff must show (1) that the official violated a statutory constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Muhammed v. Pearson*, 900 F.3d 898, 903 (7th Cir. 2018) (internal citations omitted). If the answer to either question is no, the defendant is entitled to qualified immunity. *Id.* at 904 (citing *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014)). The facts alleged in the Complaint do not show that Detective Perry violated Mr. Hampton's constitutional rights and Detective Perry is entitled to qualified immunity.

### IV. CONCLUSION

For the foregoing reasons, Defendant Wanda Perry's Motion to Dismiss ([Filing No. 8](Filing No. 8)) is **GRANTED** and the Complaint is **DISMISSED without prejudice.** "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Mr. Hampton is granted leave to file an amended complaint within fourteen (14) days of the date of this Entry. If an additional complaint is an exercise in futility, the Motion to Dismiss will be converted to a dismissal with prejudice and final judgment will issue.

**SO ORDERED**.

Date: 7/31/2020

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

10

DISTRIBUTION:

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@tlawindy.com

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
adam.willfond@indy.gov

Andrew Schell
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
andrew.schell@indy.gov